# 5525.

(Court of Appeal, Parish of Orleans).

## STOCK & CO., LIMITED, vs. MRS. G. RILEY ET AL.

Where the lease is silent as to the use to which the premises were to be put, parol evidence is admissible to show that such use was an illegal one.

Appeal from the Civil District Court, Division "A."

Woodville & Woodville, plaintiff and appellant.

William R. Kerr, H. W. Robinson, defendant and appellee.

ST. PAUL, J.—Plaintiff sues for rent under a written lease and notes. Defendant pleads that the house was leased for immoral purposes, and being outside the "restricted district," they were forced by the police to move away.

The District Judge, over plaintiff's objection, admitted oral evidence as to the purpose which the parties had in contemplation when the lease was made.

Had the lease stated the use to which the premises were to be put, and that were a legal one, it is possible that oral evidence might not have been admissible to contradict its recitals (**Commagere vs. Brown, 27 An. 314**); but in this case the lease is silent on that point, and parol testimony was therefore admissible to show that it was an illegal one. See **17 Cyc. 660**, citing **Soubie vs. Beale, I. N. S. 95-97**, wherein the reason of the rule is clearly stated.

Now the lease of a house for immoral purposes cannot but be "**Contra bonos mores**," and altogether such lease

may be legal where the house is situated in the district set aside for prostitutes (**Lyman vs. Townsend, 24 An. 625**), nevertheless it is clearly **illegal** as well as "**contra bonos mores**" where the house is situated outside of that district. See **Kathman vs. Walters, 22 An., 54**, overruled in the Townsend case, but apparently on the distinction herein drawn.

We therefore think that the District Judge properly admitted the testimony.

On the merits: The District Judge heard plaintiff's witnesses testify; defendant's were not examined, but an admission was put of record as to what the testimony of one of them would be. The Judge found the facts for the defense. We cannot say that he erred; on the contrary we have reached the same conclusion.

We therefore think that the lease was void from the beginning; but if the facts of defendant's enforced removal from the premises has any bearing, then the circumstances of this case are much the same as in **Huntington vs. Livingston**, No. 1637 of our docket (reported in **Op. Book, 12 Fol. 138-141**) wherein the defendant was released from liability.

The judgment appealed from was for defendants, and we think it is correct.

Judgment affirmed.

March 4th, 1912.

Rehearing refused, April 1st, 1912.

May 6, 1912, Decree Supreme Court, writ denied.